# Brown v. The State.

### *Indictment for Bigamy.*

*Bigamy; what charge as to erroneous.* — Held, that upon the facts of this case, as detailed in the opinion, a charge that " marriage in cases of this kind could be proved by cohabitation, living together, or the confession of the parties; that it was like any other civil contract in this respect; and it was not necessary to show by proof, that the requirement of the statutes were conformed to in order to establish a marriage in either case, and that it was not necessary to show the authority of the parties who solemnized the marriages," &c., was erroneous.

APPEAL from Circuit Court of Tuskaloosa.
Tried before Hon. W. B. WOOD.
The facts of the case are fully stated in the opinion.

VAN HOOSE & POWELL, for appellant. — The rule requires stricter proof in prosecutions for bigamy, than where marriage is sought to be established to obtain dower. 15 Mass. 163; 4 Johns. 52–3. *Campbell* v. *Gullat* (43 Ala. 57) goes not further than to decide what proof of marriage is sufficient in a *dower* case. In bigamy, the highest and best evidence of the marriage must be shown. 2 Kent, § 87; Bishop on Marriage & Divorce, § 324. The charge given would authorize a conviction

on mere cohabitation.   The facts of this case do not show that bigamy has been committed.

JOHN W. A. SANFORD, Attorney General, *contra*. — The charge of the court was free from error.   It was unnecessary to prove the issue of a license.   *Campbell* v. *Gullat*, 43 Ala. 57 ;   *Murphy* v. *State*, 6 Ala. 265.   The first marriage was sufficiently proved.   *Langtry* v. *The State*, 30 Ala. 356.

MANNING, J. — The indictment in this cause, in the form prescribed by the Code, charges that defendant, " having a husband then living, unlawfully married one Joe Tunstall," &c. It is therefore a valid indictment.   It does not, though, inform defendant who the supposed first husband was, or when or where it is supposed she was married to him ; which leaves her at very great disadvantage on her trial.   The State ought, therefore, in a prosecution so highly penal, for an offence made a felony by the statute, to be put to very clear and convincing proof of a valid first marriage, and of the subsequent facts requisite to constitute the crime of bigamy.

The only evidence in this cause is that of one Sally Peoples, a negro woman, that she was present " about two years after the surrender " (in what place or county not mentioned), when defendant was married to one Noah Wilson ; that they " lived together some time as husband and wife, and afterwards separated ; that they had been separated four years, going on five, and that the marriage ceremony was performed by one Asa Sanders, a colored man who followed preaching, and read the ' testermony ' to the parties."   No license was proved, or other evidence in regard to this alleged first marriage was produced.

A similar ceremony was proved by same witness as having been performed " last Christmas was a year ago " (A. D. 1873) between defendant and one Joe Tunstall (without mention of any place or county), " by one Norval Coleman, a colored man, who read the *testimony* to them."

The bill of exceptions, of which we have given the entire substance, sets out that this was " all the testimony in the cause, and Sallie Peoples the only witness examined."   No attempt was made to produce evidence of a license, or to account for the non-production of it, in reference to either of the ceremonies.   Nor was there any evidence that Norval Coleman was, or pretended to be, or was supposed to be, a preacher, minister, or official of any sort, — or that the ceremony performed by him was followed by the cohabitation of defendant and Joe Tunstall.   The latter affair may have all occurred in sport. Certainly, not enough is proved to show that it was of so serious a character as to implicate the defendant, by it, in the crime of bigamy.

[Avery v. State.]

The court charged " that marriage in cases of this kind could be *proven* by cohabitation, living together, *or* the confessions of the parties; that it was like any other civil contract in this respect, and that it was not necessary to show by proof that the requirements of the statute were conformed to, to establish a marriage in either case; that it was not necessary to show the authority of the parties who solemnized the marriage," &c.

The first part of the charge, that marriage in a case of this kind can be proved by cohabitation alone, is not correct. If it was, every case of living in fornication or adultery would establish a marriage, or case of bigamy.

It might be true in some cases that it is not necessary to show that the requirements of the statute have been conformed to, in order to establish a marriage, and that the authority of the person who performs the ceremony need not be proved. But the charge must be construed with reference to the evidence. And it is not correct to so charge the jury in a case like the present.

The only witness was an ignorant negro woman, who probably was unable to understand the meaning of what was actually said or done. No words or expressions are proved to have been used on the occasion, that are employed in contracting marriage, and no cohabitation afterwards is shown by the evidence. The maxim that every one is to be presumed innocent until the contrary is proved is of little value if the law did not require, in such an instance as this, either proof of a marriage license, or official authority in the person performing the ceremony, or something else to establish that the affair in which the parties were engaged was seriously entered into as a contract of marriage between them.

For the errors indicated, the judgment is reversed, and cause remanded.

Defendant must remain in custody until discharged by due course of law.